878 F.2d 1445
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Felipe L. YEPES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent,
 No. 88-3441.
 United States Court of Appeals, Federal Circuit.
 May 17, 1989.
 
 Before, NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 Felipe L. Yepes petitions for review of the final decision of the Merit Systems Protection Board (board), Docket No. SE08318810067, sustaining the Office of Personnel Management's denial of Yepes' application for a retirement annuity. We affirm.
 
 OPINION
 
 2
 Yepes' employment as a municipal school teacher at Malitbog, Leyte, in the Philippines was not shown to be employment in creditable civilian service, as required by 5 U.S.C. Sec. 8333 (1982). Without five years of creditable service, and without one of the last two years of service being creditable, Yepes is not entitled to the annuity he seeks.
 
 
 3
 Yepes presented nothing to the board which indicated that he was an employee within the meaning of 5 U.S.C. Sec. 2105(a) (1982). The mere fact that certain Philippine administrative matters were under the control of the War Department before the grant of independence is insufficient to help Yepes. Section 2105(a) defines who is an employee for the purpose of determining eligibility for an annuity. See Horner v. Acosta, 803 F.2d 687, 691 (Fed.Cir.1986); Watts v. Office of Personnel Management, 814 F.2d 1576, 1579 (Fed.Cir.) cert. denied, 108 S.Ct. 258 (1987). This court has held that all of the elements of that section must be satisfied, "and that the requirements for these elements are strictly construed." Watts, 814 F.2d at 1579.
 
 
 4
 Yepes provided no evidence that his employment fulfilled the requirements of section 2105(a), most notably the appointment requirement. In Acosta, it was stated that the appointment process should have "a significant degree of formality." 803 F.2d at 692. Although the burden was clearly on Yepes to provide evidence of his appointment, OPM also undertook a search for evidence in its records that Yepes was appointed by an official listed in 2105(a), but found nothing. As we said in Watts, "Congress clearly did not intend to award retirement benefits to all persons who might be thought to deserve them." 814 F.2d at 1579.
 
 
 5
 Yepes has not convinced us that the board's decision is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, that the board's findings are unsupported by substantial evidence, or that the decision was obtained in violation of procedures required by law. 5 U.S.C. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).